**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ROBERT LEE JOHNSON,

Plaintiff,

v.

INTERSTATE MANAGEMENT CO., LLC,

Defendant.

Civil Action No. 11-1702
DAR

**MEMORANDUM OPINION**

Plaintiff Robert Lee Johnson, proceeding *pro se*, commenced this action against his former employer, Defendant Interstate Management Company, following its termination of his employment. The only remaining claim in this action is Plaintiff's claim that Defendant terminated his employment in retaliation for his filing of a complaint with the United States Equal Employment Opportunity Commission ("EEOC").[1] Pending for determination by the undersigned is Defendant's Motion for Summary Judgment (Document No. 48) with respect to the retaliation claim. Upon consideration of the motion, the memoranda in support thereof and opposition thereto, the attached exhibits, and the entire record herein, the undersigned will grant Defendant's motion.

---

[1] The previously assigned United States District Judge, ruling on Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim, dismissed Plaintiff's claims against Defendant's director of human resources and "any purported claim under OSHA." *Johnson v. Interstate Mgmt. Co.*, 871 F. Supp. 2d 1, 6 (D.D.C. 2012). The parties subsequently consented to proceed before the undersigned United States Magistrate Judge for all purposes. Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Document No. 19). The undersigned, ruling on Defendant's motion to dismiss Plaintiff's amended complaint for failure to state a claim, dismissed Plaintiff's claims of harassment, hostile work environment, and age discrimination. *Johnson v. Interstate Mgmt. Co.*, 962 F. Supp. 2d 244, 252 (D.D.C. 2013).

## BACKGROUND

The court has discussed the underlying facts and procedural background of this matter extensively in previous decisions, and those discussions are incorporated herein. *Johnson v. Interstate Mgmt. Co.*, 962 F. Supp. 2d 244, 246-48 (D.D.C. 2013); *Johnson v. Interstate Mgmt. Co.*, 871 F. Supp. 2d 1, 2-3 (D.D.C. 2012).

Plaintiff was employed by Defendant as a cook at the Hamilton Crowne Plaza Hotel from July 1996 until March 2011. Defendant's Statement of Material Facts Not in Genuine Dispute ("Statement of Facts") (Document No. 48-6) ¶¶ 1, 8. On October 1, 2010, Plaintiff filed a complaint with the EEOC alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"); the EEOC issued a determination on March 30, 2011, indicating that it was "unable to conclude that the information obtained establishe[d] violations of the statutes." *Johnson*, 962 F. Supp. 2d at 246 (citations omitted) (internal quotation marks omitted); *see also* Statement of Facts ¶ 2.

On February 21, 2011, a hotel employee "found cooked plastic wrap in a piece of breaded chicken" that was prepared by the hotel's restaurant. Statement of Facts ¶ 3. Following its investigation and determination that Plaintiff had cooked the chicken, Defendant terminated Plaintiff's employment on March 21, 2011 for "repeated food safety issues." *Id.* ¶¶ 6-8. Defendant had documented previous "food safety issues" involving Plaintiff, and had given Plaintiff "multiple prior warnings related to food safety and work performance." *Id.* ¶¶ 8-9. For example, Plaintiff received a written warning in March 2010 for "[u]ndercook[ing] chicken for a 250 person banquet," received a written warning in January 2011 for "[t]hawing frozen chicken

in dish sink," received a "note to file" in February 2011 for "[f]ail[ing] to cool soup according to ServeSafe requirements," and received "[c]oaching/counseling" in February 2011 for "[s]et[ting] off fire alarm in kitchen."  Declaration of Vanessa R. Peters (Document No. 48-2), Exhibit A. Defendant had previously received written and verbal warnings in 2008 and 2009 for other sanitation concerns.  *Id.*

Following his termination, Plaintiff, on April 22, 2011, filed another complaint with the EEOC, this time, alleging that he was discharged in retaliation for filing his previous EEOC complaint in violation of Title VII, the ADEA, and the ADA.  Opposition, Exhibit 1 (Document No. 49-1) at 15-19.[2]  The EEOC issued a determination on June 13, 2011, indicating that it was "unable to conclude that the information obtained establishes violations of the statutes." Complaint, Exhibit 1 (Document No. 1-1) at 13-14.  After the EEOC denied Plaintiff's request for reconsideration of its decision, *id.* at 12, Plaintiff commenced this action.

**CONTENTIONS OF THE PARTIES**

Defendant contends that summary judgment in its favor is warranted because Plaintiff cannot demonstrate a causal connection between the filing of his EEOC complaint in October 2010 and his termination in March 2011.  Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Memorandum") (Document No. 48) at 9-10. Defendant contends that Plaintiff cannot rely on "temporal proximity" to demonstrate causation because he was terminated "nearly six months" after he filed an EEOC complaint.  *Id.* at 11. Defendant submits that it terminated Plaintiff for "repeated workplace deficiencies," culminating

---

[2] Citations to the exhibits submitted by Plaintiff refer to the page number designated by ECF.

in its determination that he cooked breaded chicken with plastic wrap still inside. *Id.* at 10.

Plaintiff maintains that Defendant terminated him in retaliation for filing an EEOC complaint. Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment ("Opposition") (Document No. 49) at 1.[3] In response to Defendant's allegations of food safety violations, Plaintiff contends that Defendant has not "established" any "misconduct." *Id.* at 2.[4] Plaintiff further contends that he did not cook the chicken, as alleged by Defendant, and that the "write ups" relied upon by Defendant are "false documents." Opposition at 4, 20.[5]

Defendant argues that the court should deem its Statement of Facts admitted since Plaintiff did not respond with a statement of genuine issues, despite the court's Supplemental Order (Document No. 24) advising *pro se* Plaintiff of his obligation to do so. Reply Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Reply") (Document No. 50) at 2. Defendant maintains that Plaintiff has not put forth any evidence demonstrating "that the cause of his termination on March 21, 2011, was the filing of his EEOC charge on October 1, 2010," and has thus not demonstrated that there is a "genuine issue for trial." *Id.* at 7-8. With respect to Plaintiff's contention regarding the alleged chicken incident, Defendant contends that "plaintiff must prove [the Human Resources Director] did not honestly and reasonably believe that he did cook the chicken at the time [she] made the decision

---

[3] Although Plaintiff's memorandum is captioned and docketed as a motion for summary judgment, the undersigned construes it as an opposition brief filed in response to Defendant's motion.

[4] The undersigned previously observed that Plaintiff appears to quote language from administrative proceedings regarding his unemployment benefits. *See Johnson*, 962 F. Supp. 2d at 247 n.4.

[5] Plaintiff addresses a number of other allegations related to his previous claims, but the court will limit its discussion to the sole claim pending before it.

to terminate him." *Id.* at 5.

**APPLICABLE STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether a fact is material is determined based on whether it might affect the outcome of the suit under the governing law. *Id*.

The party seeking summary judgment must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 256 (internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252. The court will view the evidence and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**DISCUSSION**

Plaintiff brings a claim of retaliation, alleging violations of Title VII, the ADEA, and the

ADA.  The aforementioned statutes prohibit employers from retaliating against an employee for engaging in protected activity pursuant to the respective statute.  *See* 29 U.S.C. § 623(d); 42 U.S.C. §§ 2000e–3(a), 12203(a).  The court analyzes retaliation claims brought under these statutes that are based on circumstantial evidence in accordance with the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Nunnally v. Dist. of Columbia*, No. 08-1464, 2013 WL 6869665, at *9 (D.D.C. Dec. 19, 2013) (citing *Porter v. Shah*, 606 F.3d 809, 813 (D.C. Cir. 2010)); *Jones v. Bernanke*, 557 F.3d 670, 677 (D.C. Cir. 2009) (citation omitted) ("Whether brought under Title VII or the ADEA, retaliation claims based on circumstantial evidence . . . trigger the familiar burden-shifting framework of *McDonnell Douglas*."); *Smith v. Dist. of Columbia*, 430 F.3d 450, 455 (D.C. Cir. 2005) (citations omitted) ("Although the framework was developed for Title VII cases, our sister circuits have all accepted its application to ADA retaliation suits under § 12203(a), as we do now.").

Under that framework, ordinarily, the court first determines if the employee established a *prima facie* case.  To establish a *prima facie* case of retaliation, the employee must show that he engaged in protected activity, and that his employer took materially adverse employment action against him because he engaged in the protected activity.[6]  *Bridgeforth v. Jewell*, 721 F.3d 661, 663 (D.C. Cir. 2013).  However, this Circuit has "simplified" the inquiry where the employer proffers a legitimate, non-retaliatory reason for the adverse action: "the central question" then becomes "whether the employee produced sufficient evidence for a reasonable jury to find that

---

[6] Defendant does not dispute that Plaintiff engaged in statutorily protected activity by filing an EEOC complaint, and does not dispute that his termination constitutes a materially adverse employment action. Memorandum at 9 n.9.  Rather, Defendant avers that Plaintiff cannot demonstrate causation, *i.e.*, that he was terminated *because* he filed the EEOC complaint.

the employer's asserted non-retaliatory reason was not the actual reason and that the employer intentionally retaliated against the employee . . . ." *Hernandez v. Pritzker*, 741 F.3d 129, 133 (D.C. Cir. 2013) (quoting another source); *see also Morales v. Gotbaum*, No. 10-0221, 2014 WL 2031244, at *4 (D.D.C. May 19, 2014) (footnote omitted) ("[W]here the defendant proffers legitimate, nondiscriminatory or nonretaliatory reasons for the challenged actions, the court need not conduct the threshold inquiry into whether the plaintiff established a prima facie case of discrimination or retaliation."); *Nunnally*, 2013 WL 6869665, at *9.

Here, Defendant proffers a legitimate, non-retaliatory reason for terminating Plaintiff by submitting that he was terminated for "repeated food safety issues," notably, cooking a piece of breaded chicken with plastic wrap inside. Statement of Facts ¶ 8. Defendant relies on the Declaration of Jesse G. Peterson (Document No. 48-1), the hotel employee who discovered the plastic wrap inside the chicken; Mr. Peterson's photograph of the piece of chicken; the Declaration of Vanessa R. Peters (Document No. 48-2), the Human Resources Director for the hotel who investigated the incident and made the decision to terminate Plaintiff; Plaintiff's "counseling/disciplinary" records documenting previous incidents with respect to sanitation and food preparation, *see* Declaration of Vanessa R. Peters, Exhibit A; and the Declaration of Spencer Wolff (Document No. 48-3), the hotel's Executive Chef who disciplined Plaintiff for previous food safety issues and who determined that Plaintiff had prepared the chicken that was served to Mr. Peterson.

Thus, "the 'central question' in this case is whether [Plaintiff] has produced sufficient evidence for a reasonable jury to find those reasons were but pretexts for retaliation." *See Hernandez*, 741 F.3d at 133. Plaintiff does not set forth "material facts as to which [he contends]

there exists a genuine issue necessary to be litigated." *See* LCvR 7(h)(1). The court, however, mindful that Plaintiff is proceeding *pro se*, treats arguments in his opposition as challenges to certain facts asserted by Defendant, namely, that he committed the alleged "food safety" violations. *See* Opposition at 4 ("I did not cook any chicken with plastic on it."), 20 ("Those write ups that [are] in my file are false documents."). In challenging these statements of fact, Plaintiff essentially argues that Defendant's proffered reason for terminating him is pretext.

In support of his contention, Plaintiff primarily relies on an order issued by an Administrative Law Judge, Opposition at 2-6, concluding that Plaintiff was qualified to receive unemployment benefits because Defendant could not prove "disqualifying misconduct" since it failed to establish that Plaintiff acted "intentionally," Opposition, Exhibit 1 at 37. As Defendant notes, Reply at 5, that finding is not relevant to the inquiry in this matter. *See Anyaso v. U.S. Capitol Police*, No. 12-1327, 2014 WL 1501242, at *6 (D.D.C. Apr. 17, 2014) (quoting *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 496 (D.C. Cir. 2008)) ("As the D.C. Circuit has explained, 'the question is not whether the underlying [ ] incident[s] occurred; rather the issue is whether *the employer honestly and reasonably believed* that the underlying [ ] incident[s] occurred.'"). Plaintiff also relies on his work schedule for February 21, 2011, which indicates that he was scheduled to work until 1:30 in the afternoon, in support of his contention that he "did not cook the evening employees [sic] meal on 2-21-2011." Opposition at 4; Opposition, Exhibit 1 at 14. However, Plaintiff does not elaborate on this evidence or describe how it supports his position that he did not cook the chicken that was served to Mr. Peterson. Moreover, other than his assertion that the documents in his personnel file are "false," Plaintiff does not address the other food safety issues documented by Defendant.

The undersigned thus finds that Plaintiff has not produced sufficient evidence from which a reasonable jury could find that Defendant's proffered reason for terminating Plaintiff was not its actual reason. *See Hernandez*, 741 F.3d at 136 (affirming the district court's grant of summary judgment in favor of the employer after noting that the plaintiff did not "produce[] the slightest evidence to show the [employer's] account is a pretext for retaliation"). Accordingly, Defendant is entitled to summary judgment with respect to Plaintiff's claim of retaliation.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment (Document No. 48) will be granted by separate order.


                                                                    /s/
                                                        DEBORAH A. ROBINSON
                                                        United States Magistrate Judge

September 19, 2014